IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA JEROME BRIDGES                                                                                    PLAINTIFF

v.                                          Civil No. 2:21-CV-02096

LIEUTENANT CARRIE DOWDY, *et. al.*                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on May 19, 2021. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file an *in forma pauperis* ("IFP") application or pay the filing fee by June 9, 2021. (ECF No. 2). Plaintiff filed his IFP application on June 3, 2021. (ECF No. 4). Because Plaintiff's IFP application indicated he had sources of income but failed to describe them as directed on the IFP form, the Court entered an Order directing Plaintiff to file a completed IFP application or pay the filing fee by June 28, 2021. (ECF No. 5). In both Orders, Plaintiff was advised that his Complaint would be dismissed if he failed to file a completed IFP application or pay the filing fee by the deadline.

To date, Plaintiff has not filed a completed IFP application or paid the filing fee. Instead, he filed a document entitled "Denial Company/Construction" on July 26, 2021. (ECF No. 6). The

cryptic document is not an IFP application, does not appear to be related in any way to Plaintiff's Complaint, and is non-responsive to the Court's Orders.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of August 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE